UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORINDO R. POWELL,

                    Plaintiff,

    – against –

HERMAN QUAY, ELEAZAR GARCIA,
JONATHAN WHITE, and JERMAINE
DARDEN,

                    Defendants.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

18-cv-5378 (ERK)(MMH)

KORMAN, *J.*:

Plaintiff Lorindo Powell is a transgender woman[1] who was arrested and placed into pretrial detainment at the Metropolitan Detention Center, Brooklyn ("MDC") in May 2017. Despite informing staff and corrections officers that she identifies as female and is transgender, Powell was placed in a male-only general population housing unit at MDC where she alleges she was raped, sexually assaulted, abused, and sodomized by other inmates on a near-daily basis from May 2017 through January of 2018. Powell brings *Bivens* claims under the Fifth and Fourteenth Amendments against MDC Warden Herman Quay, Associate Warden Eleazar Garcia, Captain Jonathan White, and Deputy Captain Jermaine Darden,

---

[1] Powell was born biologically male and later transitioned to her identified gender of female. This decision uses she/her pronouns to refer to the Plaintiff throughout.

alleging that they were aware of her transgender identity and knew or reasonably should have known that she was at an increased risk for rape and sexual assault. Powell also filed a claim under the Federal Tort Claims Act ("FTCA").

Currently pending are a motion to dismiss filed by the defendants, as well as plaintiff's motion to amend the complaint to add the United States as a defendant. For the reasons stated below, the defendants' motion to dismiss plaintiff's *Bivens* claims is **GRANTED** and plaintiff's motion to amend the complaint to add the United States as a defendant is **GRANTED**. Ruling on defendants' motion to dismiss plaintiff's FTCA claim is **RESERVED** until the United States is added as a defendant and, in its discretion, files its own motion to dismiss.

## FACTUAL BACKGROUND

Plaintiff Lorindo Powell is a transgender woman, meaning she was born biologically male and later transitioned to her identified gender of female.  Third Amended Complaint, ECF No. 41 (hereinafter "TAC") ¶¶ 4, 18.

Powell was arrested and incarcerated at MDC beginning in May 2017.  *Id.* ¶ 13.  When being processed at MDC, Powell informed intake staff that she is transgender and identifies as female.  *Id.* ¶ 14.  Despite informing prison officials that she identifies as female during the intake process and "at several other points" while incarcerated, Powell was assigned to the "general population" male housing unit.  *Id.* ¶¶ 14, 22-23.

2

Powell was housed in the male-only general population unit from May 2017 until January 2018. *Id.* ¶¶ 23, 34. While she was incarcerated in this unit, Powell alleges that she was repeatedly raped and violently sexually assaulted by gang-affiliated inmates on a near-daily basis. *Id.* ¶¶ 34-35. Powell alleges that guards allowed this conduct to occur because guards were assigned to patrol the vicinity of her cell and to perform "numerous inmate census counts every day in order to ensure that inmates are situated in appropriate and designated locations," including an evening count of all inmates at 9:30PM. *Id.* ¶¶ 24-29. The gang-affiliated individuals, who were not assigned to Powell's cell, were able to "lock in" to Powell's cell at night and remain there until morning while they carried out their violent assaults, despite the mandatory patrols and inmate counts. *Id.* ¶¶ 34-35, 37-39. Powell also alleges that several assaults and rapes took place once cells were "opened" at 6:00AM every day, despite mandatory patrols and inmate counts. *Id.* ¶ 36. Powell asserts that the assaults and rapes could not have occurred if corrections officers and/or guards had properly patrolled and performed inmate counts. *Id.* ¶¶ 40-41. Powell contracted a sexually transmitted disease while at MDC, which she says was the result of her sexual abuse. TAC ¶ 44. Powell was eventually transferred elsewhere in January 2018. *Id.* ¶ 34.

Powell filed the instant action *pro se* on September 17, 2018. *See id.* at 1. Powell acquired counsel in November 2018, ECF No. 6, and subsequently filed

several amended complaints.  ECF Nos. 26 (First Amended Complaint), 35 (Second Amended Complaint), 41 (Third Amended Complaint).  The Third Amended Complaint allege six counts: a claim under the Federal Tort Claims Act ("FTCA") (Count I); *Bivens* claims against the individual defendants (Counts II-V); and a due process claim under the Fifth, Eighth, and Fourteenth Amendments (Count VI).[2]

In her Third Amended Complaint filed on October 2, 2020, Powell attempted to add "the United States of Amerrica (*sic*)" as a defendant.  ECF No. 41.  Magistrate Judge Kuo ordered Powell to file a complaint with corrected spelling by October 14, 2020, but Powell failed to do so.  Defs.' Mem. Supp. Mot. to Dismiss ("Defs. Mem.") at 12, ECF No. 57-1.  Powell subsequently filed another motion to amend the complaint, ECF No. 52, which Magistrate Judge Henry granted on September 29, 2021.  Defendants then filed a motion for reconsideration of the motion to amend, ECF No. 56, which Judge Brodie granted on October 2, 2021.  Judge Brodie ordered defendants to file a response to plaintiff's fourth motion to amend the complaint.  Now pending are the plaintiff's motion for leave to file a Fourth Amended Complaint, ECF No. 52, and the

---

[2] Both parties treat Count VI as an additional *Bivens* claim brought under the Fifth Amendment. *See* Defs.' Mem. at 17-21; Pl. Opp'n Mem. at 9, ECF No. 51 (referring to Counts II-VI as "the *Bivens* claims").  I will therefore include it with the other *Bivens* claims for the purposes of this order.

defendants' motion to dismiss or, in the alternative as to Count VI, for summary judgment, ECF No. 57.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must plead sufficient facts that, when taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When deciding a motion to dismiss, all factual allegations are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Trs. Of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

## DISCUSSION

### I.      Motion to Dismiss *Bivens* Claims (Counts II-VI)

Defendants argue that Powell's *Bivens* claims are foreclosed by the Supreme Court's decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). Defs.' Mem. at 22-29. In *Ziglar*, the Supreme Court noted that "expanding the *Bivens* remedy is now a disfavored judicial activity." 137 S. Ct. at 1857 (internal quotation marks omitted). A court presented with *Bivens* claims must first determine whether the facts of the case present a new *Bivens* context and, if they do, analyze "if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Id.* at 1857, 1859-60 (internal quotation marks omitted). If special factors do counsel hesitation, then no *Bivens* remedy will be available. *Id* at 1857.

Plaintiff's briefing raises the question of whether her fact pattern—a transgender woman alleging that prison officials failed to protect her from sexual violence—presents a new *Bivens* context post-*Ziglar*.  Pl. Opp'n Mem. at 18-19. In *Ziglar*, the Supreme Court specified that "three cases—*Bivens, Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."  137 S. Ct. at 1855.  The court defined these acceptable *Bivens* contexts as:

> [H]andcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma.

*Id.* at 1860 (summarizing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Davis v. Passman*, 442 U.S. 228 (1979); and *Carlson v. Greene*, 446 U.S. 14 (1980)).  The Supreme Court did not mention another case in which a *Bivens* remedy was permitted to proceed: *Farmer v. Brennan*, 511 U.S. 825 (1994).  In that case, a transgender woman serving a federal prison sentence accused prison officials of deliberate indifference to her safety. *Id.* at 829-31.  The *Farmer* Court "did not explicitly state that it was recognizing a *Bivens* claim," but "discussed at length 'deliberate indifference' as the legal standard to assess a *Bivens* claim," and permitted the prisoner's *Bivens* claim to proceed.  *Bistrian v. Levi*, 912 F.3d 79, 90 (3d Cir. 2018).

6

*Farmer*'s status as a recognized *Bivens* context is questionable post-*Ziglar*. Only two circuits have expressly addressed the issue.  The Third Circuit held that *Farmer* shows that "the Supreme Court has, pursuant to *Bivens*, recognized a failure-to-protect claim under the Eighth Amendment."  *Bistrian*, 912 F.3d at 91. The Fourth Circuit, in contrast, has stated that the Court in *Farmer* "never addressed whether the claim was properly a *Bivens* claim," and that *Farmer* is therefore not a recognized *Bivens* context.  *Tate v. Harmon*, 54 F.4th 839, 847 (4th Cir. 2022).

Although the facts of *Farmer* are nearly identical to the facts of this case, the issue of whether Powell's claim would present a new *Bivens* context need not be resolved at this time.  Defendants argue that plaintiff cannot state a *Bivens* claim against any of the defendants, even in their individual capacities, because their alleged supervisory roles are not sufficient to satisfy the personal involvement requirement under the *Bivens* doctrine.  Defs.' Mem. at 19-21.   Plaintiff argues that defendants, as supervisory officials at MDC, must have been aware of the danger she faced as a transgender woman on a daily basis.  Pl.'s Opp'n Mem. at 16-17.  Defendants are correct, and Powell's *Bivens* claims can be dismissed without reaching the two-step analysis set forth in *Ziglar*.

A plaintiff bringing a *Bivens* claim "must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  An individual cannot be held liable under *Bivens* simply based on their position of authority.  *See Thomas v. Ashcroft*, 470 F.3d 491, 496-97 (2d Cir. 2006); *Johnson v. Quay*, 2021 WL 1062308, at *2 (E.D.N.Y. Mar. 18, 2021).  For a deliberate indifference claim under the Eighth Amendment to proceed against a supervisor, "the plaintiff must plead and prove that the supervisor had subjective knowledge of a substantial risk of serious harm to an inmate and disregarded it." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (stating that "a *Bivens* action is the federal analog to suits brought against state officials under … § 1983," like *Tangreti*).

In *Johnson v. Quay*, plaintiff's *Bivens* claims against Warden Quay and Warden Tellez were dismissed because the plaintiff "fail[ed] to set forth any factual allegations against either Wardens Quay or Tellez, and fail[ed] to submit any evidence alleging that either Warden was personally involved in the events or actions that occurred at the MDC." 2021 WL 1062308 at *2.  Similarly, in *Barbera v. Smith*, *Bivens* claims against an individual defendant were dismissed because the complaint "[did] not allege any personal involvement" by the defendant in the decisions that allegedly violated the plaintiff's rights, but "merely allege[d] in

conclusory language" that defendant was negligent in his supervisory role.  836 F.2d 96, 99 (2d Cir. 1987).

Here, Plaintiff's Third Amended Complaint ("TAC") recites general, non-specific allegations against the individual defendants, much like the complaint in *Barbera*.  The TAC brings *Bivens* claims against Herman Quay, Eleazar Garcia, Jonathan White, and Jermaine Darden as individual defendants.  TAC at 11-19. Each cause of action contains, but for the individual defendants' names being replaced, identical allegations.  *Id.*  Broadly, the TAC accuses each individual defendant of: failing to adhere to guidelines protecting the safety of prisoners; being on notice of plaintiff's status as a transgender prisoner; being on notice of the risk of sexual assault to transgender prisoners; failing to take reasonable measures to protect plaintiff; and failing to inform night-duty officers and guards of the higher risk to plaintiff as a transgender woman.  TAC at ¶¶ 60-70.

The allegations in plaintiff's complaint are akin to the "conclusory" and non-specific allegations found insufficient in *Barbera*.  836 F.2d at 99.  Plaintiff does not allege that any of the individual defendants were corrections officers or guards who personally had knowledge of her alleged assaults and thus neglected to protect her from said assaults.  She also does not allege that any of the individual defendants were informed of or had reason to know of the alleged assaults. Instead, plaintiff brings suit against the individual defendants simply because they

"were employed in supervisory capacities" at MDC.  TAC ¶ 11.  Like the plaintiff

in *Johnson*, plaintiff "fails to submit any evidence alleging" that any of the

individual defendants were "personally involved in the events or actions" forming

the basis of her claims.  2021 WL 1062308, at *2.  Plaintiff's *Bivens* claims

therefore fail as a matter of law and are **DISMISSED**.

## II.    Motion to Amend

Plaintiff seeks leave to amend the TAC to add the United States as a

defendant to her FTCA claim.  ECF No. 52.  Defendants argue that leave to amend

should be denied because plaintiff failed to add the United States as a defendant

when directed to do so by the court.  For the reasons below, I grant the motion to

amend.

A "court should freely give leave [to amend] when justice so requires."  Fed.

R. Civ. P. 15(a)(2); *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200

(2d Cir. 2007).  However, a district court may deny leave to amend "for good

reason, including futility, bad faith, undue delay, or undue prejudice to the

opposing party."  *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021) (internal

quotation marks omitted); *see Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d

Cir. 2006) ("[A] motion for leave to amend a complaint may be denied when

amendment would be futile.").  An amendment is futile if it "would fail to cure

10

prior deficiencies or to state a claim" for relief.  *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Plaintiff's failure to include the United States as a defendant in her original Complaint is excusable, as the Complaint was filed *pro se*.  *See Shibeshi v. City of New York*, 475 Fed. App'x 807, 808 (2d Cir. 2012) (summary order) (stating that the Second Circuit "has held that district courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend.").  And although plaintiff has been granted leave to amend three times already, there is no evidence that the repeated amendments are due to "bad faith" or "undue delay." *Bensch*, 2 F.4th at 81; *see also State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay . . . absent a showing of bad faith or undue prejudice[] does not provide a basis for a district court to deny the right to amend.").

Plaintiff's Third Amended Complaint, ECF No. 41, attempted to add "the United States of Amerrica [*sic*]" as a defendant.  Magistrate Judge Kuo ordered plaintiff to correct this spelling by October 14, 2020, which plaintiff failed to do. *See* Perry Silver Decl. ("Silver Decl."), ECF No. 52-2 ¶¶ 3-5.  Plaintiff's counsel Perry Silver asserts that plaintiff's matter "was being handled by an Associate within his office" whom he "believed to be capable and competent," but the associate failed to raise the amendment to correct the spelling with Silver.  *See id.* ¶¶ 6-10.  While this explanation certainly does not demonstrate diligence on the

part of plaintiff's counsel, the failure to correct the spelling mistake was not made in bad faith.

Finally, defendants have also not demonstrated that they would suffer any prejudice if leave to amend were granted. The individual defendants are all represented by the U.S. Attorney's Office, and it strains credulity to consider that the United States might be prejudiced by being added to a lawsuit it has known about, and been defending, since 2018. Significantly, Magistrate Judge Henry initially granted plaintiff's motion to amend as unopposed on September 29, 2021. Plaintiff's motion is only still pending as defendants filed a motion for reconsideration, ECF No. 56, explaining that their failure to respond was due to the erroneous filing of a letter from another matter. ECF No. 55; *see also McCrobie v. Palisades Acquisition XVI, LLC*, 2019 WL 4023367, at *3 (W.D.N.Y. Aug. 23, 2019) (granting leave to amend where counsel made "a mistake … not undertaken in bad faith" and denying leave to amend "would not comport with the spirit or intent of" the ruling of a previously-presiding judge).

I therefore **GRANT** plaintiff's motion to amend the Complaint to add the United States as a defendant to the FTCA claim.[3]

---

[3] To the extent that plaintiff seeks leave to amend the Complaint to add the United States as a defendant to Count VI, the motion is denied. Both parties have interpreted Count VI as another *Bivens* claim. *See* Defs.' Mem. at 17-21; Pl. Opp'n Mem. at 9 (referring to Counts II-VI as "the *Bivens* claims"). "[A] *Bivens* action will only lie against a federal government official. *Bivens* actions against the United States are routinely dismissed." *Mack v. United States*, 814 F.2d 120,

### III.    Motion to Dismiss FTCA Claim (Count I)

Defendants also moved to dismiss plaintiff's FTCA claim for lack of jurisdiction.  Defs.' Mem. at 16-17. Moreover, defendants notified the court that, should plaintiff's motion to amend be granted, they intend to move to dismiss the FTCA claim against the United States "on jurisdictional and other grounds, not least sovereign immunity, discretionary function, and failure to state a claim." Defs.' Mem. at 17 n.5.  The defendants also argue that the FTCA claim should be dismissed as untimely due to the receipt date of plaintiff's SF-95.  Defs.' Reply Mem. at 7, ECF No. 59.  However, plaintiff's TAC alleges that the harm she suffered was "of a continuing nature" and that therefore "all dates within the subject period are implicated within the relevant statute of limitations."  TAC ¶ 34 n.1.  Because plaintiff filed her SF-95 within two years of when she alleges the sexual assaults ended in January 2018, TAC ¶ 34, it remains possible that she timely exhausted her administrative remedies. The facts raise the question of whether the continuing violation doctrine may apply to toll the FTCA statute of limitations, an issue not yet decided in this Circuit.  *See Syms v. Olin Corp.*, 408 F.3d 95, 108 (2d Cir. 2005). In the interest of judicial efficiency, the various issues raised by this FTCA claim should be addressed together.

---

122-23 (2d Cir. 1987).  Amendment would therefore be futile.  *See Tuttle v. United States*, 2020 WL 3511148, at *2 (W.D.N.Y. June 29, 2020).

Count I, the FTCA claim, only names the United States as a defendant.  *See* Proposed Fourth Amended Complaint, ECF No. 52-5 ¶¶ 47-59. I therefore reserve ruling on this claim until the United States is added as a defendant and, in its discretion, files its own motion to dismiss in accordance with Fed. R. Civ. P. 12.

## <u>CONCLUSION</u>

For the reasons stated above, defendants' motion to dismiss as to Counts II-VI is **GRANTED** and plaintiff's motion to amend the complaint to add the United States as defendant to her FTCA claim is **GRANTED**.  Ruling on the motion to dismiss the FTCA claim is **RESERVED** until the United States has been added as a defendant and, in its discretion, files its own motion to dismiss.

**SO ORDERED.**

*Edward R. Korman*
Edward R. Korman
United States District Judge

Brooklyn, New York
February 14, 2023

14